IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE BRUCE BRYANT,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN ORR, *in his individual capacity*,<br><br>    Defendant. | Civil Action No.<br>1:24-cv-00085-VMC |

**ORDER**

This matter is before the Court on Defendant Steven Orr's ("Deputy Orr") Motion to Dismiss Plaintiff's Complaint. (Doc. 8, "Motion"). Plaintiff Willie Bruce Bryant ("Mr. Bryant") responded (Doc. 13), and Defendant replied (Doc. 12). Mr. Bryant filed a motion for leave to file a surreply on March 7, 2024 (Doc. 13), and a motion to amend the surreply on May 28, 2024 (Doc. 17). The Court will **GRANT** the motion to file a surreply (Doc. 13) and consider the surreply as filed (Doc. 13-1). The Court will **DENY** the motion to amend the surreply (Doc. 17) as untimely.

**I.    Background**

Mr. Bryant seeks relief from an encounter he had with Clayton County Sheriff's Deputies Steven Orr and Jarman Brown ("Deputy Brown" or "the

assisting officer") on February 26, 2019. (Doc. 1 ¶ 2).[1] Mr. Bryant alleges that he was working his job as a truck driver for Pratt Recycling. (Doc. 1 ¶ 8). He was dispatched to a store on Riverdale Road in Clayton County, Georgia. (*Id.*). After completing his business at the store, he parked his truck and walked across the street to buy lunch at Checkers. (*Id.*). He paid for and received his food, and then sat at a table outside to eat, listen to music, and speak with his mother on the phone. (*Id.* ¶ 9). As Mr. Bryant finished his lunch, he saw that two Clayton County Sheriff's Officers arrived in separate patrol cars. (*Id.* ¶ 10). He then went to throw his trash away and walked back toward his truck. (*Id.* ¶¶ 11–12).

As Mr. Bryant re-entered the parking lot where his truck was parked, the Officers pulled up in their cars to stop him and asked if he had anything on him they "should know about." (*Id.* ¶ 12). Mr. Bryant, "upset and using colorful language," asked why they were stopping him. (*Id.*). The Officers told Mr. Bryant that they had seen him loitering at Checkers. (*Id.* ¶ 13). The assisting officer then "ran up to [Mr. Bryant], pointed his Taser at him, and using colorful language himself, ordered Mr. Bryant to turn around and place his hands behinds his back, and then handcuffed him." (*Id.*). The Officers patted Mr. Bryant down and put him in the back of one of their patrol cars. (*Id.* ¶ 14). The assisting officer removed Mr.

---

[1] Because this case is before the Court on a Motion to Dismiss, the following facts are drawn from Plaintiff's Complaint and are accepted as true. *Cooper v. Pate*, 378 U.S. 546, 546 (1964).

Bryant's driver's license from his wallet and called dispatch to "run 28s and 29s"[2] on him. (*Id.*). Dispatch informed the Officers that Mr. Bryant was "clear." (*Id.*).

The Officers spoke to each other for a little while, then told Mr. Bryant to get out of the car and removed his handcuffs. (*Id.*). Deputy Orr told Mr. Bryant that the Officers had received a call that "Mr. Bryant was sitting at Checkers without ordering any food." (*Id.* ¶ 15). Mr. Bryant did not believe him, and wanted the Officers to go to Checkers so that Mr. Bryant could be "identified by the person who called" police. (*Id.*). The three "exchanged words," at which time Mr. Bryant turned on his cell phone to begin recording the Officers. (*Id.* ¶ 16). The assisting officer put Mr. Bryant in handcuffs again and told Deputy Orr that he "was taking Bryant in." (*Id.*). The assisting officer told Mr. Bryant that his truck and trailer would remain parked where he had left them, but Mr. Bryant insisted that his truck and trailer be towed. (*Id.* ¶ 17). After a conversation between the Officers, the assisting officer took Mr. Bryant out of the car, removed the handcuffs, and told Mr. Bryant that he was "free to go." (*Id.* ¶ 18).

After the incident, Mr. Bryant called 911 and explained what had happened to the 911 operator. (*Id.* ¶ 19). He requested that a supervisor come to the scene to investigate, but no one came. (*Id.*). Mr. Bryant states that he suffered extreme stress

---

[2] The Court understands this term to be a police code reference for checking for open warrants.

and anxiety during the incident with the Officers. (*Id.* ¶ 20). He alleges that because of the Officers' unlawful arrest and "prolonged detention and prosecution," he experienced humiliation, extreme anxiety, and severe emotional distress. (*Id.* ¶ 21).

## II.   Procedural History

Mr. Bryant has filed three suits seeking relief from this encounter. On June 1, 2020, Mr. Bryant filed his first suit against Clayton County, Georgia, but that case was dismissed for failure to state a claim. *Willie Bryant v. Clayton Cnty.*, No. 1:20-cv-02335-LLM (N.D. Ga. Jan. 11, 2021) ("*Bryant I*"). On January 20, 2021, Plaintiff filed his second suit against Clayton County, Georgia and Deputies Orr and Brown in their individual and official capacities.³ *See Willie Bryant v. Clayton Cnty., et al.*, No. 1:21-cv-00314-VMC (N.D. Ga. Jan. 20, 2021) ("*Bryant II*"). On April 5, 2021, the Court dismissed Plaintiff's claims against Clayton County and the official capacity claims, and ordered Plaintiff to properly serve Deputies Orr and Brown. (*See Bryant II*, Doc. 18). Plaintiff attempted to perfect service on Deputies Orr and Brown on April 7, 2021 (*Bryant II*, Docs. 20, 21), and engaged in extensive motions practice against the *Bryant II* defendants for several months. (*See Bryant II*, Docs. 22–68). On February 13, 2023, the Court found that Plaintiff failed to perfect service on the *Bryant II* defendants (*See Bryant II*, Doc. 72). Because "the

---

³ As discussed below, Mr. Bryant contends that Orr was not a named defendant in *Bryant II*.

4

events giving rise to Plaintiff's claims took place in 2019" and "dismissing this action without prejudice would bar a re-filed action[,]" the Court granted Mr. Bryant an extension to serve Deputies Orr and Brown. (*Id.* at 10). After Mr. Bryant again failed to perfect service on Deputies Orr and Brown, the Court dismissed his claims without prejudice for failure to comply with a lawful court order on August 24, 2023. (*Bryant II*, Doc. 98).

On January 8, 2024, Mr. Bryant filed this action as a "Renewal Complaint for Damages" under O.C.G.A. § 9-2-61 against Deputy Orr seeking relief based on the same facts underlying *Bryant II*. (*Compare* Doc. 1 ¶¶ 2, 8–21; *Bryant II*, Doc. 1 ¶¶ 2, 8–21). He also asserts the same two claims as in *Bryant II*: a claim under 42 U.S.C. § 1983 based on a violation of Plaintiff's Fourth Amendment rights (Count 1) and a state-law claim of False Arrest (Count 2). (Doc. 1 ¶¶ 22–33; *Bryant II*, Doc. 1 ¶¶ 22–33). On February 13, 2024, Deputy Orr moved to dismiss Mr. Bryant's complaint arguing that the claims are barred by the applicable statutes of limitations and his complaint is not eligible for renewal under O.C.G.A. § 9-2-61.

**III. Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For the purposes of a motion to dismiss,

5

the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although the plaintiff is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555.

A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is clear from the face of the complaint that the statute of limitations has run, and it appears beyond doubt that the plaintiff can prove no set of facts that toll the statute. *F.D.I.C. v. Cameron*, 986 F. Supp. 2d 1337, 1339–40 (N.D. Ga. 2013) (citing *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008); *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) (internal quotation marks and citations omitted)). The statute of limitations for Section 1983 claims arising in the State of Georgia is two years. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. The statute of limitations for false arrest under Georgia law is two years. *Reese v. City of Atlanta*, 545 S.E.2d 96, 98 (Ga. App. 2001). Under Georgia's Renewal Statute:

> (a) When any case has been commenced in either state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . (c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.

O.C.G.A. § 9-2-61(a), (c). The statute permits renewal for cases that were involuntarily dismissed by the Court as long as the merits were not adjudicated. *Geary v. City of Snellville*, No. 1:05-cv-3128-TWT, 2006 WL 1042365, at *2–3 (N.D. Ga. Apr. 18, 2006), *aff'd*, 205 F. App'x 761 (11th Cir. 2006).

A pro se complaint must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Schwarz v. Ga. Composite Med. Bd.*, No. 21-10288, 2021 WL 4519893, at *2 (11th Cir. Oct. 4, 2021) (quoting *GJR Invs., Inc. v. Cnty of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**IV.   Discussion**

Mr. Bryant seeks relief for Deputy Orr's alleged unlawful actions on February 26, 2019. (Doc. 1 ¶ 8). Plaintiff's Fourth Amendment claim under § 1983 and state law false arrest claim are both subject to two-year statutes of limitations. Thus, the statute of limitations period for Plaintiff's claims expired on February 26, 2021. This case was filed on January 8, 2024. (*See id.*). To escape the time bar, Mr. Bryant makes two arguments. First, he argues that Orr was not named as a defendant in *Bryant II*. (Doc. 11 at 2). Second, he argues that he can utilize Georgia's renewal statute because his initial case against Clayton County was valid prior to dismissal on August 24, 2023 and this complaint was filed within six months of the termination of that lawsuit. (*Id.* at 5). The Court finds that both arguments lack merit.

Mr. Bryant argues that "Clayton County with an address of 112 Smith St Jonesboro, Georgia 30336 was the only named defendant" and Deputy Orr was not a party to *Bryant II* because "Orr's name does not appear in the caption (first page) of the complaint." (Doc. 13-1 at 2). However, Plaintiff clearly named Deputy Orr as a party in the *Bryant II* complaint and referred to him as "Defendant" under the "Parties" subsection: "Defendant Sgt. Steven Orr is or was employed by the Clayton County Sheriff's Office. Orr is sued in his official and individual capacity. At all times relevant to this complaint Orr acted under the color of law." (*Bryant

*II*, Doc. 1 ¶ 3). Mr. Bryant's argument also ignores the lengthy procedural history of *Bryant II*. On April 5, 2021, the Court dismissed Mr. Bryant's claims against Clayton County and the official capacity claims, and ordered him to properly serve Defendants Orr and Brown. (*Bryant II*, Doc. 18). If Clayton County was the only defendant in Bryant II, then the case would have ended there. Instead, Plaintiff engaged in extensive motions practice against Defendants Orr and Brown for several months. (*See Bryant II*, Docs. 22–68). Mr. Bryant's failure to perfect service on Deputy Orr and the other individual defendant ultimately resulted in *Bryant II's* dismissal. (*Bryant II*, Doc. 98). Thus, Mr. Bryant's argument that Deputy Orr was not a defendant in *Bryant II* is baseless. In the alternative, if Orr was not a defendant in *Bryant II*, then the claims in the present complaint are clearly time-barred because the complaint was filed on January 8, 2024, nearly three years after the statutes of limitations expired on February 26, 2021.

Although Deputy Orr was a defendant in *Bryant II*, O.C.G.A. § 9-2-61(a) does not permit renewal here because. it only applies to actions that are valid prior to dismissal. *Wilson v. Hamilton*, 135 F. App'x 213, 214 (11th Cir. 2005) (holding renewal does not apply where defendant previously filed a § 1983 suit against the same parties based on the same underlying facts, but never effected service). To constitute a valid action, the complaint must be served personally on the defendant. *Id.* The original suit is void if service was never perfected because the

9

filing of a complaint without perfecting service is not a pending suit. *Id.; see also, Scott v. Muscogee Cnty.*, 949 F.2d 1122, 1123 (11th Cir. 1992) (holding that the Georgia renewal statute does not apply when the complaint in the original suit was never served on the defendants). Here, Mr. Bryant's claims arise from the same underlying facts as *Bryant II*, but *Bryant II* was not valid prior to dismissal because he failed to serve Deputy Orr. (*See Bryant II*, Doc. 98). Before *Bryant II*'s dismissal, the Court gave Mr. Bryant several chances to perfect service on Defendants Orr and Brown and warned that because "the events giving rise to Plaintiff's claims took place in 2019, dismissing this action without prejudice would bar a re-filed action." (*Bryant II*, Doc. 72). Since Mr. Bryant never served Deputy Orr, the initial action is considered void and not subject to renewal under the Georgia renewal statute. *See Wilson*, 135 F. App'x at 214. Accordingly, Plaintiff's complaint is barred by the statute of limitations and will be dismissed with prejudice.

V. **Conclusion**

For the reasons above, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**. It is

**FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.** It is

**FURTHER ORDERED** that Plaintiff's Motion to File a Surreply (Doc. 13) is **GRANTED** and Plaintiff's Motion to Amend the Surreply (Doc. 17) is **DENIED** as untimely.

The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 14th day of August, 2024.

_____
Victoria Marie Calvert
United States District Judge